UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Case No. 1:22- cv-1790____

YOEL LODOS,

        Plaintiff,

v.

EMPIRE TOWING CORP; and BERNARD ESMEL ARRITOLA ALONSO, an individual,

        Defendants.

**VERIFIED COMPLAINT**

**INTRODUCTION**

1. Plaintiff Yoel Lodos ("Plaintiff") worked as a tow truck driver and dispatcher for Defendants' towing services company for approximately five months, from August 1, 2021 until December 20, 2021. His agreed upon rate of pay was a 30% commission on the cost of each job he completed, but he was underpaid in several regards. First, he was wholly unpaid his earned commissions for his final two and a half weeks of work. Second, when he started working for Defendants, they withheld $800 of his initial pay as a "deposit" for potential future damage and did not reimburse him upon his separation. Third, he was not paid overtime. And fourth, he was not paid for his time spent taking company calls in his role as a dispatcher.

2. To challenge these and other wage violations, Plaintiff brings this action, by and through his attorneys, against Defendants Empire Towing Corp. and its principal, Bernard Arritola, to recover unpaid or underpaid wages and other damages under the provisions of the Fair

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, et seq. and the Colorado Minimum Wage Act, C.R.S. §8-6-101, et seq., as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Orders") and then the Colorado Overtime and Minimum Pay Standards Orders ("COMPS") (collectively, "CWCA").

3. Plaintiff further alleges that Defendants violated the anti-retaliation provisions of the FLSA and CWCA by threatening his life in response to his complaints regarding his employer's wage and hour violations.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

6. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* Defendants' business address is 1287 South 8 Ave, Unit K-385, Brighton, CO 80601, and one or more of the Defendants named herein resides in this district.

## PARTIES

### Defendant Empire Towing Corp.

7. Defendant **Empire Towing Corp.** (hereinafter "Empire Towing") is a corporation doing business within Adams County, whose principal place of business is listed as 1287 South 8 Ave, Unit K-385, Brighton, CO 80601. Its registered agent is listed with the Colorado Department of State as Bernard Esmel Arritola Alonso at the same address.

8. At all relevant times, Defendant Empire Towing had annual gross revenues in excess of

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Lodos v. Empire Towing Corp., et al*
USDC, District of Colorado

Complaint
Page 2

$500,000.

9. At all relevant times, Defendant Empire Towing was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10. Defendant Empire Towing operates on public highways and interstates and receives orders for its work from national auto insurance companies. It purchases trucks, supplies, equipment, and other necessary items to run its towing services company and serve its customers from out of state vendors selling such supplies and equipment originating outside the state of Colorado. Agents of Defendant Empire Towing also accept payments, place orders, and otherwise conduct business by telephonic and/or online means, often entailing communications with companies or individuals out of state.

11. At all times material to this action, Defendant Empire Towing was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Bernard Esmel Arritola Alonso**

12. Defendant Bernard Esmel Arritola Alonso ("Arritola"), an individual, resides at 1287 South 8 Ave, Unit K-385, Brighton, Colorado 80601, upon information and belief.

13. At all times material to this action, Defendant Arritola actively participated in the business of the corporation.

14. Defendant Arritola is the owner of the company.

15. At all times material to this action, Defendant Arritola exercised substantial control over the functions of the company's employees including Plaintiff. For example, Defendant Arritola had the ability and authority to hire and fire employees, set rates of pay, and set

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Lodos v. Empire Towing Corp., et al*
USDC, District of Colorado

Complaint
Page 3

employee schedules. Defendant Arritola is very involved in the day-to-day operations of the company and supervised and directed Plaintiff's daily activities.

16. At all times material to this action, Defendant Arritola was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA and CWCA.

**Plaintiff Yoel Lodos**

17. Plaintiff Yoel Lodos is a resident of Aurora, Colorado.

18. Plaintiff Lodos worked for Empire Towing as a tow truck driver and dispatcher from August 1, 2021 to December 20, 2021.

19. At all times material to this action, Plaintiff Lodos was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

20. While working in this capacity, Plaintiff Lodos was not expected to record his time worked for payroll or compensation purposes. There were no official time-tracking methods used by the company to track or record employees' hours worked.

21. Plaintiff estimates that generally he worked approximately 80 hours per week.

22. Plaintiff's standard workweek was 7 days per week, usually starting at 7:00AM and ending around 7:00PM.

23. In addition to towing cars, in his role as a dispatcher Plaintiff's duties included responding to calls on the company's dispatch phone during and after work hours, and coordinating towing based on these phone calls. He typically received approximately three to five calls after hours each day, seven days a week.

24. Defendants did not pay Plaintiff anything extra when he worked more than 40 hours a week.

25. Defendants deducted $800 from Plaintiff's first paycheck as a "deposit" held in case he

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Lodos v. Empire Towing Corp., et al*
USDC, District of Colorado

Complaint
Page 4

damaged anything. This "deposit" was not returned to Plaintiff upon his separation from the company.

26. When Plaintiff worked within the boundaries of Denver County, which has a higher minimum wage rate than the rest of Colorado, he was not paid any additional wages.

27. Defendants did not pay Plaintiff anything extra when he worked more than 40 hours a week and did not pay him at all for his time spent fielding calls on the company dispatch phone after he went home for the night.

28. Plaintiff Lodos did not get a meal break of 30 minutes or more relieved of all duties, with the Defendants' knowledge.

29. Plaintiff Lodos also did not get *bona fide* rest breaks.

30. Plaintiff was not given pay statements for any of his workweeks.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

31. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

*Failure To Pay Time Overtime Properly*

32. Defendants failed to compensate Plaintiff at a rate of one and one-half times his normal hourly rate for all hours over 40 worked in a workweek, in violation of the FLSA.

*Record-Keeping Failures*

33. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Lodos v. Empire Towing Corp., et al*
USDC, District of Colorado

Complaint
Page 5

29 C.F.R. § 516.

### *Willful & Not Based On Good Faith & Entitlement to Damages*

34. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

35. At all relevant times, Defendants knew of the FLSA's requirements regarding minimum wage and overtime. In paying Plaintiff in the manner in which they did, Defendants knowingly violated the mandates of the FLSA.

36. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

37. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
### COLORADO WAGE ACT VIOLATIONS

38. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

39. The Defendants were Plaintiff's "employers" as that term is defined by the COMPS Order. 7 C.C.R. 1103-1(1.6).

40. Plaintiff is Defendants' "employee" as that term is defined by the COMPS Order because he performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Lodos v. Empire Towing Corp., et al*
USDC, District of Colorado

Complaint
Page 6

### Failure to Pay Minimum Wage
**(Violation of the C.R.S. § 8-6-101 et seq.; Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1)**

41. The Defendants failed to pay Plaintiff at a rate at or above the applicable minimum wage rate for all hours worked in the workweek.

42. In 2021, Colorado's minimum wage rate was $12.32 per hour, but for any work performed within the City and County of Denver the rate starting in July of 2021 was $15.00 per hour. Therefore, when Plaintiff worked within the boundaries of Denver County, he was not paid at least the minimum wage for his time worked.

### Failure to Pay Weekly Overtime Premiums
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

43. Plaintiff work more than 40 hours at least some workweeks.

44. Defendants did not pay the Plaintiff overtime premiums for hours worked over 40 in each workweek.

45. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

46. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to him and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

47. Defendants violated the CWA as implemented by the COMPS Order, when they failed to pay the Plaintiff overtime premiums for hours worked over 40 in each given workweek or 12 hours per day. 7 C.C.R. §1103-1(4).

48. For any and all time worked by all Plaintiff, or to be credited to all Plaintiff during a workweek, Plaintiff is entitled to pay at his regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Lodos v. Empire Towing Corp., et al*
USDC, District of Colorado

Complaint
Page 7

### Failure to Pay All Earned Wages
**(Violation of the C.R.S. § 8-6-109)**

49. Plaintiff has been separated from employment with Defendants.

50. Defendants have failed to pay Plaintiff all his wages and compensation earned during his employment.

### Improper Deductions
**(Violation of the C.R.S. § 8-4-105)**

51. The Defendants made deductions from Plaintiff's wages other than those authorized under C.R.S. § 8-4-105, 7 C.C.R. 1103-1 (9).

52. Specifically, Defendants withheld $800 of Plaintiff's initial pay as a "deposit" to be held in case of any damage. This deposit was not returned to him when he separated from the company.

### Denial of Mandatory Rest Periods
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq*., Wage Order 7 C.C.R. 1103-1)**

53. Defendants did not pay Plaintiff for all of his time worked under Colorado law because they did not provide Plaintiff with 30 minute duty-free paid meal breaks for each five hours of work Plaintiff performed. COMPS 7 C.C.R. 1103-1(7).

54. Defendants did not pay Plaintiff for all of his time worked under Colorado law because they did not provide Plaintiff with 10 minute duty-free paid rest breaks for each four hours of work Plaintiffs performed. COMPS 7 C.C.R. 1103-1(8).

### Failure to Pay Wages in Response to Wage Demand
**(Violation of the C.R.S. § 8-6-109)**

55. Plaintiff, through counsel, issued a Demand for Payment of Wages notice dated March 29, 2022.

56. Plaintiff, through counsel, issued an additional copy of this demand, attached to a cover letter dated May 23, 2022.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Lodos v. Empire Towing Corp., et al*
USDC, District of Colorado

Complaint
Page 8

57. Defendants have not tendered any payment in response to this demand.

58. More than 14 days has elapsed since March 29, 2022.

59. Therefore, Defendants owe Plaintiff statutory penalties in the amounts set forth in C.R.S. § 8-4-109.

*Record-Keeping Failures; Failure to Provide Pay Stubs*
**(Violation of the CMWA, C.R.S. §§ 8-6-101,** *et seq.***, Wage Order 7 C.C.R. 1103-1(12))**

60. Defendants failed to maintain a true and accurate record for each employee, including Plaintiff, of the following information:

    a. name, address, social security number, occupation and date of hire

    b. date of birth, if the employee is under eighteen (18) years of age

    c. daily record of all hours worked

    d. record of allowable credits and declared tips

    e. regular rates of pay, gross wages earned, withholdings made, and net amounts paid each pay period.

61. Defendants failed to provide a paystub, or an itemized earnings statement of this information, to Plaintiff for each pay period. C.R.S. 8-4-103(4); C.R.S. §§ 8-6-101, et seq., COMPS 7 C.C.R. 1103-1(12)).

*Damages*

62. Plaintiff is entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and/or underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

## As And For A Third Cause of Action:

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Lodos v. Empire Towing Corp., et al*
USDC, District of Colorado

Complaint
Page 9

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

## FLSA – RETALIATION

63. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

64. Plaintiff through counsel, issued a demand for the payment of his unpaid wages to Defendant Arritola.

65. By pursuing a complaint regarding the propriety of these pay practices to Defendants, Plaintiff engaged in activity protected under the FLSA.

66. In response to receiving a copy of the written demand letter concerning the propriety of the Defendants' pay practices, Defendant Arritola called Plaintiff and threatened to physically harm him.

67. Defendant Arritola's threats to physically harm Plaintiff were causally connected to Plaintiff's inquiries regarding the propriety of the deductions being made to his pay.

68. Defendant violated the provisions of Section 15(a)(3) of the FLSA (29 U.S.C. § 215(a)(3)), by discriminating against Plaintiff for exercising rights protected under the Act.

69. As a result of these violations by Defendant of the FLSA, the Plaintiff is entitled to damages as set forth in the FLSA, more specifically 29 U.S.C. § 215(a)(3), in an amount to be determined at trial.

### As And For A Fourth Cause of Action:
### CWCA – RETALIATION

70. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

71. By pursuing a complaint regarding the propriety of these pay practices to Defendants,

Plaintiff engaged in an activity protected under COMPS § 8.5.

72. Defendants violated the provisions of COMPS § 8.5 by retaliating against Plaintiff for exercising protected rights.

73. As a result of these violations by Defendants of the CWCA, the Plaintiff is entitled to damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Unpaid and underpaid wages due under the FLSA and the CWCA; and

(B) Liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(C) Statutory damages as provided for the CWCA; and

(D) Appropriate damages for the retaliatory acts taken against him, including emotional distress, other appropriate actual, general, or compensatory damages, and punitive damages, in an amount to be determined at trial; and

(E) Interest; and

(F) The costs of this action together with reasonable attorneys' fees; and

(G) Such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Lodos v. Empire Towing Corp., et al*
USDC, District of Colorado

Complaint
Page 11

Respectfully submitted, this <u>  19th  </u> day of <u>  July  </u>, 20<u>22</u>.

ANDERSONDODSON, P.C.

*s/ Mary Elizabeth Melso*
**Mary Elizabeth Melso,**
*mmelso@andersondodson.com* 14143 Denver West Pkwy. Suite 100-50
Golden, CO 80401

*s/Penn Dodson*
**Penn A. Dodson**
penn@andersondodson.com
 11 Broadway, Suite 615
 New York, NY  10004
 (212) 961-7639 tel.

Attorneys for Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Lodos v. Empire Towing Corp., et al*
USDC, District of Colorado

Complaint
Page 12