**UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

Civil Case No. 1:22-cv-1790-PAB-MEH


YOEL LODOS,

    **Plaintiff,**

v.

EMPIRE TOWING CORP; and BERNARD ESMEL ARRITOLA ALONSO, an individual,

    **Defendants.**

---

## MOTION FOR SUBSTITUTED SERVICE

---


### INTRODUCTION

Plaintiff Yoel Lodos, by through his attorney, hereby requests that this Court enter an Order

allowing substituted service of the Summons and Complaint on individual Defendant Bernard

Esmel Arritola Alonso in this matter pursuant to Fed. R. Civ. P. Rule 4(e) and Colo. R. Civ. P.

Rule 4

Plaintiff has made multiple attempts to serve this Defendant at multiple addresses, via four

different private process servers, and have not been able to complete personal service on him.

Plaintiff's extended deadline to effectuate service all Defendants is set for December 19, 2022.


### ATTEMPTS TO SERVE DEFENDANT

As can be seen in the docket, Plaintiff has had to make multiple efforts to serve the

Defendants in this matter. Defendant Empire Towing Corp was served on August 29, 2022. Dkt

07. The clerk entered default as to that entity on October 19, 2022. Dkt 14. As indicated in the

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

supporting declaration and exhibits attached hereto, Plaintiff has made extensive efforts to serve Defendant Arritola Alonso as well.

**1) Two Attempts at 1287 South 8 Ave Unit K-385, Brighton, CO, 80601**

On the Colorado Secretary of State website, Defendant Empire Towing Corp. lists Defendant Arritola Alonso as the registered agent with an address of 1287 South 8 Ave Unit K-385, Brighton, CO, 80601. We attempted to serve Defendant Arritola at this address via process server on August 1, 2022. Dkt 13. The process server reported that a woman answered the door and stated that the Defendant used to live with her, but the couple had split up and he is no longer at this address. The woman gave our process server a phone number to contact Mr. Arritola.

Research indicates that the phone number this individual provided does not in fact appear to be associated with Defendant Arritola.

As of November 11, 2022, comprehensive background research shows that Defendant Arritola Alonso still resides at 1287 South 8 Ave Unit K-385, Brighton, CO, 80601

**2) Two Attempts at 17410 E 120th Ave, Commerce City, CO 80022**

We also attempted service at the plot of land where defendants store their tow trucks. Process server Cindy Parrino was able to successfully serve Defendant Empire Towing Corp., via service upon an employee but was unable to personally serve Defendant Arritola. Dkt 7.

**3) 7 Attempts at 19223 NW 53RD Circle Pl, Miami Gardens, FL 33055-613**

This address is Empire Towing Corp's Principal Mailing Street Office. Comprehensive background research shows that Defendant Arritola Alonso has lived at the location for many years. In addition, other businesses registered under Mr. Alonso also list this address and the principle mailing address. The process server made 7 attempts and was unable to serve Mr. Arritola at this location. Dkt 15.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

*Lodos v Empire Towing Corp., et al*
Case No. 1:22-cv-1790-PAB-MEH (Dist. Colo.)

Motion for Alt. Service
Page 2

**4) Waiver of Service Attempts**

We prepared formal Waiver of Service forms pursuant to Fed. R. Civ. Proc. 4 and submitted them to the Defendant Arritola at both of the Brighton Colorado and Florida addresses, but neither of these documents have been returned. In addition, we sent a copy of the Waiver of Service forms to Mr. Arritola's business email empiretowingcorpco@gmail.com on September 6, 2022.

**5) Other Communication Attempts**

While our attempts have been unsuccessful this far, we do believe that Defendant is evading service and aware of our efforts. Prior to filing this lawsuit, Plaintiff's counsel issued several Colorado Wage demand letters via mail and email including the following dates and times:

- 3/28/2022 – to 18880 E 120th Avenue, Commerce City 80022 and to *empiretowingcorp@gmail.com*.

- 4/15/2022 - 1287 South 8 Ave, Brighton, CO 80601 - Delivered 5/19

- 05/24/2022 – On this date, Mr. Lodos (plaintiff) informed us that Mr. Arritola Alonso called our client and threated to physically harm him, because of the Colorado Wage Demand Letters.

**I.      THE COURT SHOULD EXERCISE ITS DISCRETION TO ALLOW INITIAL SERVICE BY SUBSTITUTED SERVICE.**

  **a. The Federal Rules of Civil Procedure and the Colorado Rules of Civil Procedure allow service by substituted service.**

Pursuant to Rule 4(e)(1) of the Fed. R. Civ. P., Plaintiff may effect service on Defendants in the "state in which the district court is located." Therefore, plaintiffs may utilize any form of service contemplated by the State of Colorado, which is the state in which this Court is located.

Rule 4(e)(1) of the Colorado Rules of Civil Procedure ("CRCP"), provides various bases for effectuating personal service on an individual above the age of 18: "Upon a natural person

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

*Lodos v Empire Towing Corp., et al*
Case No. 1:22-cv-1790-PAB-MEH (Dist. Colo.)

Motion for Alt. Service
Page 3

whose age is eighteen years or older by delivering a copy thereof to the person, or by leaving a copy thereof at the person's usual place of abode, with any person whose age is eighteen years or older and who is a member of the person's family, or at the person's usual workplace with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent; or by delivering a copy to a person authorized by appointment or by law to receive service of process." As seen in the descriptions of efforts undertaken described above, process servers have been unable to serve either the Defendant himself or a known family member at any residences, and there is no usual workplace where a designated supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent can be served. Further attempts to obtain service under section (e) would be to no avail.

In CRCP Rule 4(f), Colorado law allows for substituted service, as follows:

> **(f) Substituted Service.** In the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted under section (g) [i.e."service by mail or publication shall be allowed only in actions affecting specific property or status or other proceedings in rem"], the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service. The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected. If the court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall:
> > **(1)** authorize delivery to be made to the person deemed appropriate for service, and
> > **(2)** order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery. Service shall be complete on the date of delivery to the person deemed appropriate for service.

### b. Proposed Methodology for Substitute Service.

Plaintiff has satisfied the requirements of Rule 4(f) by providing evidence of multiple attempts made to serve Defendant Arritola Alonso at three different addresses. Under these

*Lodos v Empire Towing Corp., et al*
Case No. 1:22-cv-1790-PAB-MEH (Dist. Colo.)

Motion for Alt. Service
Page 4

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

circumstances, Plaintiff requests that service be deemed complete upon the effectuation of the following:

1. Emailing a copy of the summons and complaint to Defendant Arritola's last known email addresses as per the Comprehensive Background Report [Ex. A], bernard-25@live.com, rockypup69@yahoo.com.

2. Emailing a copy of the summons and complaint to Defendant Arritola's last known email address empiretowingcorp@gmail.com.

3. Mailing a copy of the summons and complaint to Defendant Arritola Alonso at all three of of the above addresses at which service was attempted:

   a. 1287 South 8 Ave Unit K-385, Brighton, CO, 80601

   b. 17410 E 120th Ave, Commerce City, CO 80022

   c. 19223 NW 53RD Circle Pl, Miami Gardens, FL 33055-613

4. Via Publication, if also found warranted by the court. If this is a desired method, Plaintiff would submit a Notice of Service to be published by the <u>Denver Post</u>, that would include "the sum of money or other relief demanded" as required by C.R.C.P. 4

These methods of substitute service are reasonable under the circumstance. <u>See</u> JDK LLC v. Ronald K. Hodge, et al., 15-cv-00494-NYW (D. Colo. May 22, 2015) (authorizing substituted service by mail after 5 unsuccessful service attempts); Wagner v. Williams, Scott & Assocs. LLC, 12-cv-00104-MSK-MJW (D. Colo. Mar 14, 2012). Counsel for Plaintiff believes that notice by publication is less likely to result in actual notice but has been approved for extreme situations such as the one at bar, and therefore is proper as a method of last result.

Dated: November 18, 2022

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Lodos v Empire Towing Corp., et al*
Case No. 1:22-cv-1790-PAB-MEH (Dist. Colo.)

Motion for Alt. Service
Page 5

Respectfully submitted,

*/s/ Penn A. Dodson*
Penn A. Dodson, Esq.
ANDERSONDODSON, P.C.
11 Broadway, Suite 615
New York, NY 10004
*penn@andersondodson.com*
**Attorney for Plaintiffs**

*Lodos v Empire Towing Corp., et al*
Case No. 1:22-cv-1790-PAB-MEH (Dist. Colo.)

Motion for Alt. Service
Page 6

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*