IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 22-cv-01790-PAB-SBP

YOEL LODOS,

      Plaintiff,

v.

EMPIRE TOWING CORP., and
BERNARD ESMEL ARRITOLA ALONSO, an individual,

      Defendants.
_____

**ORDER**
_____

This matter is before the Court on plaintiff's Motion for Default Judgment [Docket No. 45].

I.    **BACKGROUND**

A.  **Factual Allegations**[1]

Plaintiff Yoel Lodos worked as a tow truck driver and dispatcher for defendant Empire Towing Corporation ("Empire Towing") from August 1, 2021 to December 20, 2021. Docket No. 1 at 4, ¶ 18. Defendant Bernard Esmel Arritola Alonso ("Mr. Arritola Alonso") is the owner and registered agent of Empire Towing. *Id.* at 2-3, ¶¶ 7, 14. Empire Towing's principal place of business is listed with the Colorado Department of State as 1287 South 8 Ave, Unit K-385, Brighton, Colorado 80601, *id.* at 2, ¶ 7, and Mr.

_____

[1] Because of the Clerk of Court's entry of default against both defendants, *see* Docket Nos. 14, 42, the factual allegations in plaintiff's complaint, Docket No. 1, are deemed admitted. *See Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).

Arritola Alonso resides at that same address.  *Id*. at 3, ¶ 12.  As the owner of the company, Mr. Arritola Alonso had the ability to hire and fire employees, set rates of pay, and set employees' schedules.  *Id*. at 3-4, ¶ 15.  Mr. Arritola Alonso supervised Mr. Lodos' daily activities.  *Id*.

Mr. Lodos' pay structure included a thirty percent commission on the cost of each job he completed.  *Id*. at 1, ¶ 1.  Empire Towing had no official time-tracking methods to record the hours worked by each employee.  *Id*. at 4, ¶ 20. Mr. Lodos was not expected to record his time worked for payroll purposes.  *Id*.  Mr. Lodos estimates that he typically worked about 80 hours per week because he worked seven days per week from approximately 7:00 a.m. to 7:00 p.m.  *Id*., ¶¶ 21-22.  In addition to towing cars, Mr. Lodos also responded to calls on the company's dispatch phone.  *Id*., ¶ 23.

Defendants did not pay Mr. Lodos any overtime when he worked more than 40 hours per week and did not pay Mr. Lodos for responding to dispatch calls.  *Id*. at 4-5, ¶¶ 24, 27.  Defendants deducted $800 from Mr. Lodos' first paycheck as a "deposit" in case he damaged any equipment; however, defendants did not return the deposit to Mr. Lodos upon his separation from the company.  *Id*., ¶ 25.  Defendants did not provide Mr. Lodos any meal or rest breaks.  *Id*. at 5, ¶¶ 28-29.  Defendants did not pay Mr. Lodos his earned commissions for Mr. Lodos' final two and a half weeks of work.  *Id*. at 1, ¶ 1.

Mr. Lodos, through counsel, issued a demand for payment of his unpaid wages to Mr. Arritola Alonso.  *Id*. at 10, ¶ 64.  In response to receiving the demand letter, Mr. Arritola Alonso called Mr. Lodos and threatened to physically harm him.  *Id*., ¶ 66.

B. **Procedural History**

Mr. Lodos filed this lawsuit on July 19, 2022.  Docket No. 1.  Mr. Lodos asserts four claims: (1) violations of the overtime and recordkeeping provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*; (2) violations of the Colorado Wage Act, Colo. Rev. Stat. § 8-6-101, *et seq.*; (3) retaliation in violation of the FLSA; and (4) retaliation in violation of the Colorado Wage Act.  *Id.* at 5-11.

On September 1, 2022, Mr. Lodos filed an affidavit of service for Empire Towing. Docket No. 7.  Empire Towing has not made an appearance in this action.  On October 19, 2022, the Clerk of the Court entered default against Empire Towing.  Docket No. 14.

On November 18, 2022, Mr. Lodos filed a motion for substitute service, requesting permission to serve Mr. Arritola Alonso pursuant to Colo. R. Civ. P. 4(f). Docket No. 17 at 3-5.  Mr. Lodos stated that his process servers attempted to effectuate personal service on Mr. Arritola Alonso eleven times at three different locations, but all attempts were unsuccessful.  *Id.* at 2; *see also* Docket No. 17-1 at 2, ¶¶ 7-16.  Mr. Lodos requested permission to serve Mr. Arritola Alonso by (1) emailing a copy of the complaint to Mr. Arritola Alonso's last known email addresses: bernard-25@live.com, rockypup69@yahoo.com, and empiretowingcorp@gmail.com; (2) mailing a copy of the complaint to Mr. Arritola Alonso at the following addresses: 1287 South 8 Ave Unit K-385, Brighton, CO 80601; 17410 E 120th Ave, Commerce City, CO 80022; and 19223 NW 53rd Circle Pl, Miami Gardens, FL 33055-613;[2] and (3) via publication in a local

---

[2] Mr. Lodos' attorney states that 1287 South 8 Ave Unit K-385 is listed on the Colorado Secretary of State's website as the address of Empire Towing's registered agent, Mr. Arritola Alonso.  Docket No. 17-1 at 2, ¶ 7.  Mr. Lodos' attorney states that 17410 E 120th Ave is an address where Empire Towing parks the tow trucks.  *Id.*, ¶ 11.

newspaper.  Docket No. 17 at 5.  On January 26, 2023, the magistrate judge granted

Mr. Lodos' motion for substitute service.  Docket No. 25; *see also* Docket No. 35 (order

approving the language to be published in the Brighton Standard Blade newspaper for a

minimum of three consecutive weeks).

On February 7, 2023, Mr. Lodos certified that he (1) emailed the complaint to

bernard-25@live.com, rockypup69@yahoo.com, and empiretowingcorp@gmail.com;

and (2) mailed the complaint to 1287 South 8 Ave Unit K-385, Brighton, CO 80601;

17410 E 120th Ave, Commerce City, CO 80022; and 19223 NW 53rd Circle Pl, Miami

Gardens, FL 33055-613.  Docket No. 26 at 1.  On March 13, 2023, Mr. Lodos filed an

affidavit of publication signed by Linda Shapley, the publisher of the Brighton Standard

Blade, certifying that the newspaper published the legal notice for Mr. Arritola Alonso for

three successive weeks, beginning on February 23, 2023 and ending on March 9, 2023.

Docket No. 38.  Mr. Arritola Alonso has not made an appearance in this action.  On

June 15, 2023, the Clerk of the Court entered default against Mr. Arritola Alonso.

Docket No. 42.

On July 13, 2023, Mr. Lodos filed a motion for default judgment against Empire

Towing and Mr. Arritola Alonso.  Docket No. 45.

## II.    LEGAL STANDARD

In order to obtain a judgment by default, a party must follow the two-step process

described in Fed. R. Civ. P. 55.  First, the party must seek an entry of default from the

Clerk of the Court under Rule 55(a).  Second, after default has been entered by the

---

Mr. Lodos' attorney states that 19223 NW 53rd Circle Pl is Empire Towing's mailing
address on the Colorado Secretary of State's website.  *Id.*, ¶ 13.

Clerk, the party must seek judgment under the strictures of Rule 55(b).  *See Williams v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table decision) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "committed to the district court's sound discretion."  *Olcott*, 327 F.3d at 1124 (citation omitted).  In exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits."  *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted).  "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party."  *Id.*  It serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights."  *Id.* at 733.  When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment."  *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

A party may not simply sit out the litigation without consequence.  *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("a workable system of justice requires that litigants not be free to appear at their pleasure.  We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure.  The threat of judgment by default serves as an incentive to meet this standard.").  One such consequence is that, upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted.  *See* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2688.1 (4th ed., 2023 rev.).  "Even after

default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Id*.  A court need not accept conclusory allegations.  *Moffett v. Halliburton Energy Servs., Inc.,* 291 F.3d 1227, 1232 (10th Cir. 2002).  Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and citation omitted).

III.     **ANALYSIS**

A.  **Jurisdiction**

Before addressing the merits of Mr. Lodos' motion for default judgment, the Court must determine whether it has subject matter jurisdiction over the case and personal jurisdiction over Empire Towing and Mr. Arritola Alonso.  *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (holding that "a district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case").

### 1. Subject Matter Jurisdiction

Mr. Lodos argues that the Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367. Docket No. 45 at 3-4. Pursuant to 28 U.S.C. § 1331, the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." "A claim is part of the same case or controversy if it derives from a common nucleus of operative fact." *Price v. Wolford*, 608 F.3d 698, 702-03 (10th Cir. 2010) (quotation and alteration marks omitted). "[T]he Supreme Court repeatedly has determined that supplemental jurisdiction is not a matter of the litigants' right, but of judicial discretion," and "district courts may decline to exercise supplemental jurisdiction." *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004).

The Court has subject matter jurisdiction over Mr. Lodos' FLSA claims pursuant to 28 U.S.C. § 1331 because these claims arise under federal law. Furthermore, the Court finds that it has supplemental jurisdiction over the Colorado Wage Act claims pursuant to 28 U.S.C. § 1367(a). The Colorado Wage Act claims arise from the same common nucleus of operative fact as the FLSA claims because both claims involve defendants' failure to pay overtime wages to Mr. Lodos, *see* Docket No. 1 at 5, 7, ¶¶ 32, 43-48, as well as Mr. Arritola Alonso's threats to harm Mr. Lodos in response to the demand letter. *Id*. at 10-11, ¶¶ 63-73. Because the Colorado Wage Act claims share a

"common nucleus of operative fact" with the FLSA claims, *see Wolford*, 608 F.3d at 702-03, the Court will exercise supplemental jurisdiction over these claims in its discretion.  Accordingly, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367(a).

### 2. *Personal Jurisdiction*

Plaintiff bears the burden of establishing personal jurisdiction.  *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988).  Plaintiff can satisfy his burden by making a *prima facie* showing.  *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).  The Court will accept the well-pled allegations of the complaint as true in determining whether plaintiff has made a *prima facie* showing that personal jurisdiction exists.  *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008).  If the presence or absence of personal jurisdiction can be established by reference to the complaint, the Court need not look further.  *Id.*  The plaintiff, however, may also make this *prima facie* showing by putting forth evidence that, if proven to be true, would support jurisdiction over the defendant.  *Id.*

"In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process."  *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)).  The Colorado long-arm statute, Colo. Rev. Stat. § 13-1-124, has been construed to extend jurisdiction to the full extent permitted by the Constitution, so the jurisdictional analysis here reduces to a single inquiry of whether

jurisdiction offends due process.  *See Dudnikov*, 514 F.3d at 1070; *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005).  Personal jurisdiction comports with due process where a defendant has minimum contacts with the forum state and where those contacts are such that assuming jurisdiction does not offend "traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Minimum contacts may be established under the doctrines of general jurisdiction or specific jurisdiction.  *Howarth v. TCER, LLC*, 20-cv-03230-PAB-KMT, 2021 WL 4775270, at *2 (D. Colo. Oct. 13, 2021).

Furthermore, proper service is a jurisdictional prerequisite to litigation.  *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998) ("Effectuation of service is a precondition to suit.").  Without proper service, the Court lacks personal jurisdiction over a defendant.  *Okla. Radio Assocs. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 943 (10th Cir. 1992).

### a)  Empire Towing

The Court will first consider whether plaintiff properly served Empire Towing. Federal Rule of Civil Procedure 4(h) governs the service of corporations.  Rule 4(h)(1)(B) provides that a plaintiff may serve process on a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B); *see also Howarth*, 2021 WL 4775270, at *3.  In the alternative, a plaintiff may serve a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual."  Fed. R. Civ. P. 4(h)(1)(A).  Rule 4(e)(1) allows service to be made "following state law" for either the state where the district court is located or where

service is made.  "The purpose of Rule 4(h) is to ensure that when a litigant serves process on a corporation, the process is delivered to a person of sufficient rank and control in the corporation such that the court can be reasonably assured that those corporate officials responsible for responding to the suit will actually be apprised of its pendency."  *Howarth*, 2021 WL 4775270, at *3 (quoting *Inversora Murten SA v. Energoprojekt Holding Co.*, No. 06-cv-02312-MSK, 2009 WL 179463, at *4 (D. Colo. Jan. 22, 2009)).

Under Colorado law, a plaintiff can effectuate service on a corporation by delivering a copy to:

> the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of [Colorado] or of any other jurisdiction, or that agent's secretary or assistant, or one of the following:
>
> > (A) An officer of any form of entity having officers, or that officer's secretary or assistant;
> >
> > (B) A general partner of any form of partnership, or that general partner's secretary or assistant;
> >
> > (C) A manager of a limited liability company or limited partnership association in which management is vested in managers rather than members, or that manager's secretary or assistant;
> >
> > (D) A member of a limited liability company or limited partnership association in which management is vested in the members or in which management is vested in managers and there are no managers, or that member's secretary or assistant;
> >
> > (E) A trustee of a trust, or that trustee's secretary or assistant;
> >
> > (F) The functional equivalent of any person described in paragraphs (A) through (E) of this subsection (4), regardless of such person's title. . .
> >
> > (G) If no person listed in subsection (4) of this rule can be found in this state, upon any person serving as a shareholder, member, partner, or other person having an ownership or similar interest in, or any director,

agent, or principal employee of such entity, who can be found in this state, or service as otherwise provided by law.

Colo. R. Civ. P. 4(e)(4); *see also Howarth*, 2021 WL 4775270, at *4.[3]

Mr. Lodos argues that service was perfected against Empire Towing on August 29, 2022 when process server Cindy Parrino "personally hand[ed] a copy of the Summons and Complaint to employee Rasiel Mazola."  Docket No. 45 at 5 (citing Docket No. 7).  The affidavit of service states that "Cindy Parrino personally handed to and delivered to Rasiel Mazola, who identified himself as an *employee* of Empire Towing," the summons and complaint in this action at 17410 E. 120th Ave., Commerce City, Colorado.  Docket No. 7 (emphasis added).  Mr. Mazola is identified as an "employee" of Empire Towing in the affidavit of service and Mr. Lodos' motion.  *See* Docket No. 45 at 5; Docket No. 7.  Mr. Mazola is not identified as an officer, a managing agent, or general agent, *see* Fed. R. Civ. P. 4(h)(1)(B), or the registered agent or the registered agent's secretary or assistant.  *See* Colo. R. Civ. P. 4(e)(4).  Service on an employee is insufficient under Fed. R. Civ. P. 4(h)(1)(B) and Colo. R. Civ. P. 4(e)(4).  *See Howarth*, 2021 WL 4775270, at *5 (finding that service was not perfected on an employee who was simply identified as an "administrative assistant").  As a result, the

---

[3] Colo. Rev. Stat. § 7-90-704(2)(c) provides that

> [i]f an entity that is required to maintain a registered agent pursuant to this part 7 has no registered agent, or if the registered agent is not located under its registered agent name at its registered agent address, or if the registered agent cannot with reasonable diligence be served, the entity may be served by registered mail or by certified mail, return receipt requested, addressed to the entity at its principal address.  Service is perfected . . . [f]ive days after mailing.

Court finds that Mr. Lodos has failed to show that Mr. Mazola was authorized to accept service of process on behalf of Empire Towing.

Mr. Lodos has not perfected service against Empire Towing, and the Court therefore lacks personal jurisdiction over Empire Towing.  Because service on Empire Towing is "insufficient but curable," Mr. Lodos will be allowed an opportunity to properly serve Empire Towing with process.  *See AMG Nat'l Corp. v. Wright*, No. 20-cv-02857-PAB-KLM, 2021 WL 4170459, at *4 (D. Colo. Sept. 14, 2021) (denying motion for default judgment based on improper service and providing time for plaintiff to attempt proper service).  Therefore, within 60 days of the entry of this order, Mr. Lodos may attempt to serve Empire Towing pursuant to Fed. R. Civ. P. 4.

### b)  Mr. Arritola Alonso

Next, the Court will evaluate whether plaintiff properly served Mr. Arritola Alonso. The Federal Rules of Civil Procedure provide that an individual may be served by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e)(2).  Alternatively, an individual may be served "following state law" for either the state where the district court is located or where service is made.  Fed. R. Civ. P. 4(e)(1).  Mr. Lodos argues that Mr. Arritola Alonso was properly served via "substitute service" and "publication," *see* Docket No. 45 at 6, pursuant to Colo. R. Civ. P. 4.  *See* Docket No. 17 at 1.

Rule 4(g) of the Colorado Rules of Civil Procedure allows "service by mail or publication. . . only in actions affecting specific property or status or other proceedings in rem."  Colo. R. Civ. P. 4(g); *see also United States v. Bauer*, No. 18-cv-00034-PAB-NRN, 2019 WL 4751792, at *3 (D. Colo. Sept. 30, 2019).  This case, which alleges claims under the FLSA and the Colorado Wage Act, is an action *in personam*.  *See Quint v. Vail Resorts, Inc.*, 2023 WL 8921932, at *8 (10th Cir. Dec. 27, 2023) (noting that a claim for wages under the FLSA and state law could not be considered an "in rem" action).  Therefore, service by publication or mail is not permitted under Colo. R. Civ. P. 4(g).  *See Bauer*, 2019 WL 4751792, at *3 (deeming publication service ineffective under Colo. R. Civ. P. 4(g) because a federal tax assessment claim was an *in personam* claim); *Rain Design, Inc v. Spinido, Inc.*, No. 19-cv-00349-RM-KMT, 2020 WL 1172545, at *4 (D. Colo. Feb. 25, 2020), *report and recommendation adopted*, 2020 WL 1166865 (D. Colo. Mar. 11, 2020) (holding that service by publication under Rule 4(g) was not permitted because the intellectual property claims were an action *in personam*); *JDK LLC v. Hodge*, No. 15-cv-00494-NYW, 2015 WL 2455504, at *2 (D. Colo. May 22, 2015) (refusing to "authorize substituted service on the [defendants] in the form of certified mail. . . because this action does not concern 'specific property or status or other proceedings in rem.'" (quoting Colo. R. Civ. P. 4(g)); *ReMine ex rel. Liley v. Dist. Ct. for City & Cnty. of Denver*, 709 P.2d 1379, 1383 (Colo. 1985) ("Even if the facts established that [plaintiff] willfully concealed himself to avoid service of process. . . this alone would not authorize substituted service under C.R.C.P. 4(g).  The rule expressly allows service by mail or publication *only* in cases affecting specific property or status or other proceedings in rem.").  As a result, Mr. Lodos' attempts to serve Mr.

Arritola Alonso by publication in the Brighton Standard Blade and by mailing the summons to three addresses, pursuant to Colo. R. Civ. P. 4(g), is deemed ineffective as a means of serving Mr. Arritola Alonso.

Mr. Lodos was therefore required to proceed under Colo. R. Civ. P. 4(f), which sets forth the following requirements for obtaining substitute service of process in cases not covered by Rule 4(g):

> In the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted under section (g), the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service. The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected. If the court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall:
>
> (1) authorize delivery to be made to the person deemed appropriate for service, and
>
> (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery. Service shall be complete on the date of delivery to the person deemed appropriate for service.

Colo. R. Civ. P. 4(f); *see also Bauer*, 2019 WL 4751792, at *3. The Colorado Supreme Court has explained that "the completion and validity of service" under this rule "is linked to the delivery of process to the substituted person and not to the mailing of process to the defendant." *Willhite v. Rodriquez-Cer*a, 274 P.3d 1233, 1240 (Colo. 2012). Thus, "[i]f process is never delivered to the substituted person, service can never be valid and complete under [Colo. R. Civ. P.] 4(f)." *Id.*; *see also Wagner v. Williams, Scott &*

*Assocs., LLC*, No. 12-cv-00104-MSK-MJW, 2012 WL 5409799, at *3 (D. Colo. Nov. 6, 2012) (discussing how the "plain language" of Colo. R. Civ. P. 4(f) "states that it applies when a party seeks to serve a substituted *person* on behalf of the opposing party").

Here, although Mr. Lodos sent copies of the complaint to email addresses and physical addresses associated with Mr. Arritola Alonso, Mr. Lodos "never identified a substituted person who could receive service of process on behalf of [Mr. Arritola Alonso]." *See Bauer*, 2019 WL 4751792, at *4. As a result, Mr. Lodos has not satisfied the requirements for valid service under Colo. R. Civ. P. 4(f) and the Court lacks personal jurisdiction over Mr. Arritola Alonso. *See id.*; *Rain Design*, 2020 WL 1172545, at *4 (finding that plaintiffs failed to identify a substituted person who could receive service on behalf of the defendants, and therefore, failed to perfect service under Colo. R. Civ. P. 4(f)).

However, "[b]ecause plaintiff's failure to complete service is due in part to a court order authorizing service of process under Colo. R. Civ. P. 4(g) [and 4(f)], the Court finds good cause to extend the time for service under Fed. R. Civ. P. 4(m)." *See Bauer*, 2019 WL 4751792, at *4. Therefore, within 60 days of the entry of this order, Mr. Lodos may attempt to serve Mr. Arritola Alonso pursuant to Fed. R. Civ. P. 4.

As a result, the Court denies Mr. Lodos' motion for default judgment without prejudice.

## IV.    CONCLUSION

It is therefore

**ORDERED** that plaintiff's Motion for Default Judgment [Docket No. 45] is **DENIED without prejudice.** It is further

15

**ORDERED** that, within **60 days** of the entry of this order, plaintiff shall serve

Empire Towing and Mr. Arritola Alonso pursuant to Fed. R. Civ. P. 4.

DATED January 9, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge