Civil Case No. 1:22-cv-1790-PAB-SBP

YOEL LODOS,

          **Plaintiff,**

v.

EMPIRE TOWING CORP. and BERNARD ESMEL ARRITOLA ALONSO, an individual,

          **Defendants.**

---

## AMENDED MOTION FOR DEFAULT JUDGMENT

---

COMES NOW Plaintiff Yoel Lodos, by and through counsel, and hereby amends his motion for default judgment and asks the Court to enter a Default Judgment against Defendants pursuant to Fed. R. Civ. Proc. 55 & Local Rule 55.1.

### I.    INTRODUCTION

Plaintiff Yoel Lodos ("Plaintiff") was employed by Defendants' tow truck company from August 1, 2021, to December 20, 2021. During his employment, he encountered various wage underpayment issues. To address these issues, Plaintiff initiated this legal action against Defendants Empire Towing Corp. and its principal, Bernard Esmel Arritola Alonso.

The lawsuit seeks to recover unpaid wages and associated damages under the Fair Labor Standards Act (FLSA), the Colorado Wage Claim Act (CWA), and the Colorado Minimum Wage Act (CMWA). Defendants have entirely ignored both Plaintiff's wage demand letters and this lawsuit; thus, Plaintiff now seeks a default judgment against both.

Treating all well-pled facts in the Complaint as true based on the Defendants' default, the Court should find that Plaintiff has alleged sufficient basis on which to impose joint and several

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

liability on both Defendants to this action. Further, Plaintiff's claims against the Defendants are also sufficient to support a judgment against them as a matter of law.

Plaintiff's first motion for default judgment was denied on the basis of service of process issues [Dkt. 45]. Thereafter, Plaintiff, through counsel, made further service efforts to redress issues indicated [Dkt. 46]. Defendants have been re-served and have again failed to answer. Plaintiff now renews his motion for a default judgment and damages comprising his unpaid and underpaid wages, FLSA liquidated damages, CWA statutory penalties, retaliation damages, pre-judgment interest, post judgment interest, attorneys' fees and costs, and any further relief the Court deems proper.

## II. PRELIMINARY MATTERS
### A. STANDARD OF REVIEW

"Default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (internal quotation marks and citation omitted).

Pursuant to Rule 55(b)(1), default judgment must be entered by the clerk of court if the claim is for "a sum certain"; in all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Before granting a motion for default judgment, the Court must first ensure that it has personal jurisdiction over the defaulting defendants and subject matter jurisdiction over the action. *See Williams v. Life Sav. and Loan*, 802 F. 2d 1200, 1202–03 (10th Cir. 1986). Next, the Court should consider whether the well-pleaded allegations of fact, which are deemed admitted by a defendant in default, support a judgment on the claims against the defaulting defendants. *See Fed. Fruit and Produce Co. v. Red Tomato, Inc.*, 2009 WL 765872, at

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Yoel Lodos v. Empire Towing Corp., et al.*
Case no. 1:22 - cv-1790-PAB-SBP (Dist. Colo.)

P's Amended Motion for Default
Page 2

*3 (D. Colo. March 20, 2009) ("Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment.") (Citations omitted). "In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true." *Id.* (citing *Dundee Cement Co. v. Howard Pipe and Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983).

### B. NO HEARING IS NECESSARY

As relevant here, Fed. R. Civ. Proc. 55(b)(2) says that "The court *may* conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: determine the amount of damages." (Emphasis added). "To determine the number of damages that should be awarded on a default judgment, Rule 55(b)(2) 'leaves the decision of whether a hearing is necessary to the discretion of the district court.'" *Changxing v. Kai Xiang Dong*, 15 Civ. 7554-GBD-AJP (S.D.N.Y. Mar. 31, 2017).

Plaintiff has provided a Declaration that sets forth his knowledge as to the facts relevant hereto, and oral testimony would likely not significantly differ from its contents (Ex. 1). While documentary records available are unfortunately scant, both because, for example, Defendants did not track Plaintiff's time nor provide any paystubs and because the case is pre-discovery, gaps in information should be weighed against the burden of recordkeeping being on Defendants as well as their failure to participate and appear in these proceedings. Thus, we request that no hearing be held. Should, however, the Court decide that a hearing be necessary, we respectfully request that Plaintiff and his counsel be permitted to appear by telephone.

### C. JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's FLSA claims arise under federal law [Dkt. 1, Complaint, at ¶4]. The Court has personal jurisdiction over the Defendants because Plaintiff alleges that Defendant Alonso is domiciled in Colorado, and

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

*Yoel Lodos v. Empire Towing Corp., et al.*
Case no. 1:22 - cv-1790-PAB-SBP (Dist. Colo.)

P's Amended Motion for Default
Page 3

Defendant Empire Towing Corp. is incorporated and has its principal place of business in Colorado [Dkt. 1, ¶¶7]. Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over Plaintiff's related claims brought under Colorado law.

### III.    FACTUAL BACKGROUND

Plaintiff worked for Defendants' towing service company as a tow truck driver and dispatcher for about five months, from August 1, 2021, until December 20, 2021 [Dkt. 1, ¶Complaint, at ¶1; Ex. 1 at ¶4]. Plaintiff's compensation arrangement was a flat rate of $800 per week plus a 30% commission on the cost of each tow job he completed [Dkt. 1, ¶¶1; Ex. 1, ¶9]. Defendants did not track Plaintiff's time worked [Dkt. 1, ¶20; Ex. 1. at ¶8], but Plaintiff recalls he regularly worked, on average, approximately 80 hours per week [Dkt. 1, ¶21 Ex. 1, ¶8]. Specifically, Plaintiff typically worked seven days a week, 12 hours a day (7:00 a.m. to 7:00 p.m.) [Dkt. 1, ¶22; Ex. 1., ¶8].

Defendant Alonso owned the towing services company and managed the company and Plaintiff daily [Dkt. 1, ¶¶13–16. Ex. 1 at ¶5]. The Plaintiff testifies: "I was hired by Defendant Arritola Alonso. He owned the tow truck company and managed it daily. He was the one who determined what I would get paid and what my job duties were. He supervised my work almost every day. I understood Defendant Arritola Alonso to be my boss." [Ex. 1 ¶5].

Defendants underpaid Plaintiff in several regards. First, Plaintiff was not paid his commissions for his final two and a half weeks of work [Dkt. 1, ¶1. Ex. 1 at ¶13]. Second, Defendants withheld $800 of his initial pay as a "deposit" and did not reimburse this money to him upon separation [Ex. 1 at ¶14]. Third, Plaintiff was not paid overtime wages for his overtime hours worked [Dkt. 1, ¶27. Ex. 1 at ¶¶10–11]. Fourth, Defendants did not provide Plaintiff with mandatory rest breaks [Dkt. 1, ¶¶29, 54; Ex. 1 at ¶8].

Defendants failed to keep statutorily required records, had no good faith basis for believing their practices were compliant with the law, failed to respond to Plaintiff's Demand for Payment

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Yoel Lodos v. Empire Towing Corp., et al.*
Case no. 1:22 - cv-1790-PAB-SBP (Dist. Colo.)

P's Amended Motion for Default
Page 4

of Wages, and failed to respond to this lawsuit [Dkt. 1, ¶¶33, 54, 55–59; Ex. 1, ¶¶15–18]. As such, Defendants' violations are willful. A court may accept allegations of willfulness as true where defendants have defaulted. *Changxing v. Kai Xiang Dong, Ling Lin, Iron Sushi Third Ave., Inc.*, 15 Civ. 7554 (GBD) (AJP) (S.D.N.Y. Mar. 7, 2017) (collecting cites).

Shortly after Plaintiff, through counsel, issued Defendants wage demand letters, Defendant Alonso called Plaintiff and threatened him. Dkt. 1, ¶¶ 1, 63-73. He elaborated in his attached Declaration as to the substance of the threats made on May 24, 2022. Ex. 1 ¶ 17.

Treating all well-pled facts in the Complaint as true based on the Defendants' default, the Court should find that Plaintiff has alleged sufficient basis on which to impose joint and several liability on both Defendants to this action. Further, Plaintiff's claims against the Defendants are also sufficient to support a judgment against them as a matter of law.

## IV.    PROCEDURAL HISTORY

On March 29, 2022, Plaintiff through counsel, sent Defendants a "Demand for Payment of Wages" pursuant to Colorado Law to the Defendants, at *empiretowingcorpco@gmail.com* and via US Certified Mail to the address of the Corporation 18880 E 120th Ave. Commerce City CO, where Defendants kept their tow trucks between tows. [Dkt.1, ¶ 55]. On April 15, 2022, we sent an additional copy to Defendants at 1287 South 8th Avenue, Unit K-385, Brighton CO 80601, which is the principal office address as listed with the Secretary of State. [Dkt. 17-1 ¶4]. On May 23, 2022, we sent an additional set of letters to that address. On May 24, 2022, the Plaintiff received a threatening phone call from Defendant, as described below. [*Id*. ¶ 5]. On July 19, 2022, Plaintiff filed his Complaint in this action. [Dkt 1].

On August 29, 2022, process server Cindy Parrino served a copy of the Summons and Complaint to Empire Towing Corp.'s employee Rasiel Mazola at 17410 E. 120th Ave., Commerce City, CO, the towing company's physical address [Dkt. 7]. Having no response, on September 26,

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

*Yoel Lodos v. Empire Towing Corp., et al.*
Case no. 1:22 - cv-1790-PAB-SBP (Dist. Colo.)

P's Amended Motion for Default
Page 5

2022, Plaintiff moved for a clerk's certificate of default for Defendant Empire Towing Corp. [Dkt 8]. On October 19, 2022, the Clerk entered default as to Empire Towing Corp [Dkt 14].

On November 18, 2022, Plaintiff filed a Motion for Order for Substitute Service, which cited more than 11 attempts to serve the individual Defendant Arritola Alonso. [Dkt 17] On January 26, 2023, Magistrate Judge Hegarty issued an Order for Substitute Service for the individual Defendant [Dkt 25]. On February 21, 2023, Plaintiff filed his Second Certificate of Alternate Service, certifying the Defendant Bernard Esmel Arritola Alonso was served on January 30th, 2023, via substitute service and again on February 23, 2023, March 2, 2023, and March 9, 2023, via service by publication [Dkt 36, 36-1].Then On June 14, 2023, based on the Individual Defendant's failure to respond to this lawsuit, Plaintiff moved for a clerk's certificate of default for Defendant Arritola Alonso [Dkt 41]. On June 15, 2023, the Clerk for the District Court of Colorado entered default as to Defendant Arritola Alonso [Dkt 42].

On July 13, 2023, Plaintiff filed his motion for default judgment along with exhibits. [Dkt 45-45.08]. On January 9, 32024 Hon. Philip A. Brimmer entered an Order [Dkt. 46] denying Plaintiff's Motion for Default Judgment [Dkt. 45] without prejudice, citing service deficiencies. The Court allowed another opportunity to serve Defendants within 60 days of the entry of the January 9, 2024, Order, i.e. by March 10, 2024, pursuant to Fed. R. Civ. P. 4. [Dkt 46].

On January 16, 2024, Plaintiff filed a new proposed Summonses for both Defendant Empire Towing Corp [Dkt. 47-1] and Defendant Arritola Alonso [Dkt. 47]. These were issued on January 17, 2024 [Dkt. 48]. On January 18, 2024, the Complaint [Dkt. 1] and Summons for Empire Towing Corp. [Dkt. 48] were sent to Empire Towing Corp's principal office mailing address as listed with the Secretary of State via Certified Mail, return receipt requested, postage prepaid and addressed to: Empire Towing Corp., 19223 NW 53rd Circle PL Miami Gardens, FL 33055. The

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Yoel Lodos v. Empire Towing Corp., et al.*
Case no. 1:22 - cv-1790-PAB-SBP (Dist. Colo.)

P's Amended Motion for Default
Page 6

company's registered agent is listed as Mr. Alonso, at 1287 South 8th Avenue, Unit K-385, Brighton CO 80601. This is not a good address. (See affidavit of nonservice, Dkt. 13, indicating that the resident of that apartment stated Arritola had lived there but that the couple had split up and he no longer resided there.) [Dkt. 17-1 Attorney Declaration]. Therefore, the mailing to the Miami Gardens address completes service for Empire Towing Corp pursuant to Colo. Rev. Stat. §7-90-704(2).

On February 10, 2024, process server Henry Pinto served Mr. Alonso with the Complaint [Dkt. 1] and Summons [Dkt. 48] by serving it upon Defendant's co-resident and an adult individual, Marlene Infante, at the residence and usual place of abode of Defendant Bernard Esmel Arritola Alonso at 10145 Northwest 9th Street Circle APT 204, Miami, FL 33172 [Dkt. 49].

To date, neither individual Defendant Bernard Esmel Arritola Alonso nor any representative for the corporate entity Empire Towing Corp. has filed an Answer to the Complaint. On February 25, 2024, Plaintiff filed a renewed request for Clerk's certificate of default as to corporate entity Empire Towing Service, along with an Attorney Declaration, proposed Order and Colorado Secretary of State information concerning the entity [Dkt. 51]. The Clerk's entry of default as to the corporate entity Empire Towing Corp. was entered on February 27, 2024 [Dkt 52]. On March 13, 2024, Plaintiff filed a renewed request for Clerk's certificate of default as to individual Defendant Bernard Esmel Arritola Alonso, along with Attorney Declaration and Proposed Order [Dkt. 55]. The Clerk's Entry of default as to individual Defendant Bernard Esmel Arritola was entered on March 14, 2024 [Dkt 56].

Following these additional efforts, Plaintiff respectfully submits his amended motion for default against Defendants with prior default motion filings attached as exhibits.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Yoel Lodos v. Empire Towing Corp., et al.*
Case no. 1:22 - cv-1790-PAB-SBP (Dist. Colo.)

P's Amended Motion for Default
Page 7

## V.     JOINT and SEVERAL LIABILITY

Under federal and state law, in addition to the company, Defendant Alonso was Plaintiff's "employer" individually. The FLSA's definition of "employer" can and frequently does cover certain individuals as well as corporate entities. The longstanding four-factor "economic realities test" has been adopted by the Tenth Circuit for determining an employment relationship under the FLSA, which Colorado has adopted in state law. *Koellhoffer v. Plotke-Giordani*, 858 F. Supp. 2d 1181, 1189–90 (D. Colo. 2012), <u>citing</u> *Baker v. Flint Eng'g and Const. Co.*, 137 F.3d 1436, 1439 (10th Cir.1998). Courts have also looked at the level of "operational control" the individual has over the company, including whether s/he is involved in the day-to-day operations and/or has some direct responsibility for the supervision of the employees. *Baker*, 137 F.3d at 1439. The breadth of coverage for individuals is intentionally expansive and not designed to be a continuation of the previous standard requiring a showing akin to a corporate veil piercing. Since January 1, 2020, the CWA's definition of "employer" has mirrored that in the FLSA. 3 C.R.S. § 8-4-101(6); COMPS Order, Rule 1.6; Colorado H.B. 19-1267.

There can be no dispute that both Defendant Alonso was Plaintiff's "employer" as that term is defined by the COMPS Order. 7 C.C.R. 1103-1(1.6); Dkt. 1, ¶¶11–13, 18. Plaintiff has alleged that that the individual Defendant hired him, set his rate of pay and work schedule, and supervised him daily [Dkt. 1, ¶15, 16, Ex. 1 at ¶5]. More generally, Defendant Alonso is the owner of Empire Towing Corp. and as such has "operational control." Dkt. 1, ¶14. Therefore, looking at the economic realities, Defendant Alonso was Plaintiff's "employer" and thus should be found to be jointly and severally liable for the violations complained of herein under the FLSA and CWA.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
*www.andersondodson.com*

*Yoel Lodos v. Empire Towing Corp., et al.*
Case no. 1:22 - cv-1790-PAB-SBP (Dist. Colo.)

P's Amended Motion for Default
Page 8

## VI.  PLAINTIFF HAS ALLEGED SUFFICIENT FACTS TO ESTABLISH LIABILITY

### A.  FLSA CLAIM

Defendants failed to pay Plaintiff any additional compensation for the overtime hours he worked. Though not claimed as a separate basis for damages, Defendants also failed to abide by the FLSA's record-keeping requirements.

The FLSA requires employers to pay time-and-a-half the employee's regular rate for hours over 40 worked in the workweek. 29 U.S.C. § 206(a). To allege an FLSA overtime claim, a Plaintiff need only indicate a reasonable basis for ascertaining that he worked, but was not properly compensated for, over 40 hours of work in at least one workweek. See 29 U.S.C. § 207(a)(1).

To establish liability under the FLSA, a plaintiff must show that: (1) he was employed by the defendant during the relevant time; (2) in the plaintiff's work for the defendant, he was engaged in commerce or the production of goods for commerce, or he was employed by an enterprise engaged in commerce or the production of goods for commerce that had annual gross sales of at least $500,000; and (3) that the defendant failed to pay plaintiff overtime for all hours worked in excess of 40 hours in one or more workweeks. *Vassel v. Littleton Auto Repair LLC*, No. 22-CV-1229-RMR, 2024 WL 709800, at *4 (D. Colo. Feb. 21, 2024) (granting default judgment under similar circumstances and with similar allegations)

Here, Plaintiff has sufficiently alleged that he was employed by Empire Towing and its owner, Defendant Alonso. Plaintiff has further alleged that Empire Towing purchases parts, supplies, equipment, and other necessary items to run its auto shop and serve its customers from out of state vendors selling such supplies and equipment, with annual gross revenues in excess of $500,000. Dkt. 1 ¶¶ 8-10. Plaintiff also alleged that he worked over 40 hours a week, but never received overtime pay. Dkt. 1, ¶¶ 21, 22, 27. Taking the well-pleaded allegations in the Complaint,

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

*Yoel Lodos v. Empire Towing Corp., et al.*
Case no. 1:22 - cv-1790-PAB-SBP (Dist. Colo.)

P's Amended Motion for Default
Page 9

ECF No. 1, and Plaintiff's accompanying Declaration as true, Plaintiff has sufficiently alleged that he worked, but was not properly compensated, for over 40 hours of work in one or more weeks.

In addition to the back wages, and having established a violation of the FLSA, Plaintiff requests the Court award FLSA liquidated damages. "Any employer who violates the provisions of…section 207…shall be liable to the employee or employees affected in the amount of their … unpaid overtime compensation…and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b); *Francisco v. Susano*, Civil Case No. 10-cv-00332-CMA-Mx (D. Colo. Sep. 10, 2013). In order to avoid being assessed liquidated damages, the employer must be able to show that it acted in good faith and had reasonable grounds for believing its act or omission was not a violation of the FLSA. 29 U.S.C. § 260. "Reasonableness imposes an objective standard by which to judge the employer's behavior. *Id.* Only where the court finds that the employer meets this burden, may it, in its sound discretion, deny liquidated damages." *Reyes v. Snowcap Creamery, Inc.*, Civil Action No. 11-cv-02755-JLK-KMT (D. Colo. Mar. 20, 2014). Defendants, having failed to appear in this action or respond to the Complaint in any form, have done nothing to meet their burden. *Tackie v. Keff Enterprises, LLC*, No. 14-CV-2074-JPO (S.D.N.Y. Sept. 16, 2014). Plaintiff seeks an additional amount equal to the amount the court awards as unpaid overtime compensation in FLSA liquidated damages.

### B. COLORADO WAGE CLAIM ACT
#### i. Defendants Are Liable for Plaintiff's Unpaid Final Wages

Defendants failed to pay Plaintiff his commissions for tows performed during his final two and a half weeks of work. Pursuant to C.R.S. § 8-4-109(1)(b), "[w]hen an employee quits or resigns such employee's employment, the wages or compensation shall become due and payable upon the next regular payday." Defendants had an obligation to pay Plaintiff all lingering amounts due by the next regular payday following his separation in December 2021 and still owe Plaintiff for these

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Yoel Lodos v. Empire Towing Corp., et al.*
Case no. 1:22 - cv-1790-PAB-SBP (Dist. Colo.)

P's Amended Motion for Default
Page 10

earned and unpaid final commissions.

### ii. Defendants Are Liable for Plaintiff's Improperly Deducted Wages

Defendants withheld $800 from Plaintiff's initial pay as a "deposit" in case Plaintiff caused

damage to Defendants' property. Ex. 1, ¶14. Not only was this "deposit" an improper deduction

pursuant to Section 105 of the Colorado Wage Act, but it was also never returned to Plaintiff upon

his separation from employment with Defendants.

The CWA outlines certain permissible deductions from employee pay including for "loans,

advances, goods or services, and equipment or property provided by an employer to an employee

pursuant to a written agreement..." C.R.S. § 8-4-105(1)(b). The "deposit" deduction in this case is

not covered by this or any of the other permissible reasons for deductions included in the CWA,

and Defendants owe Plaintiff for this improper deduction.

### iii. Defendants Are Liable for Plaintiff's Missed Break Time

Plaintiff was not able to take rest breaks throughout his employment with Defendants and

is owed wages for this missed break time. Colorado law requires employers provide employees

with 10 minute rest breaks for each 4 hours of work. Colorado Overtime and Minimum Pay

Standards Order ("COMPS Order") #36–37, 7 CCR 1103-1 (2020–2021). When the breaks are not

provided, the employer has to pay for the missed break time. *Sobolewski v. Boselli*, 2018 WL

4538791 (2018).

Defendants did not provide Plaintiff with these breaks. Plaintiff states, "I was not able to

take 10-minute rest breaks for each four hours of work in this position." Ex. 1 at ¶8. Thus, Plaintiff

is owed wages for this missed break time.

### iv. Defendants Are Liable for Statutory Penalties

Pursuant to the version of C.R.S. § 8-4-109(3)(b) in effect in 2022 when Plaintiff sent his

wage demand letter, if an employee was not paid his earned, vested and determinable wages or

compensation within fourteen days after sending a written demand, the employer was liable for

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Yoel Lodos v. Empire Towing Corp., et al.*
Case no. 1:22 - cv-1790-PAB-SBP (Dist. Colo.)

P's Amended Motion for Default
Page 11

the wages plus a penalty equal to "the sum of...[o]ne hundred twenty-five percent of that amount

of such wages or compensation up to and including seven thousand five hundred dollars; and [f]ifty

percent of that amount of such wages or compensation that exceed seven thousand five hundred

dollars." C.R.S. § 8-4-109(3)(b)(I)-(II). These penalties are increased by fifty percent "[i]f the

employee can show that the employer's failure to pay is willful...." *Id*., § 8-4-109(3)(c).

Plaintiff is entitled to recover both liquidated damages and the CWA statutory penalties.

*Evans v. Loveland Auto. Invs., Inc*., No. 15-1049 (10th Cir. 2015). This is not a double recovery

because the laws "serve different purposes—the FLSA damages are compensatory and the [state

law] damages serve a punitive purpose." *Id*., citing with approval *Do Yea Kim v. 167 Nail Plaza*,

No. 05 CV 8560 (GBD), 2008 WL 2676598, at *3 (S.D.N.Y. July 7, 2008). In other words, FLSA

liquidated damages are designed to make the plaintiff whole; the CWA penalty provision is

designed to punish and/or deter wrongful conduct. Pursuant to C.R.S. § 8-4- 109(3)(b), if an

employee is not paid his earned, vested, and determinable wages or compensation within fourteen

days after sending a written demand for payment, his employer is liable to him for the wages plus

a penalty.

### C. RETALIATION

Without waiving his rights in the event default were to be opened and the case were to be

litigated, at this time Plaintiff does not seek damages related to his retaliation claims, effectively

withdrawing them without prejudice. Plaintiff has made allegations related to a single phone call

involving threats of bodily harm after Defendant received his wage demand letter. Plaintiff

contends that "For an action to be an adverse action in the context of retaliation, the action must

be harmful to the point that it could well dissuade a reasonable worker from [pursuing a protected

right]." *Tzoc v. M.A.X. Trailer Sales & Rental, Inc*., No. 13-23859-CIV, 2015 WL 2374594, at *13

(S.D. Fla. May 18, 2015). While behavior such as Defendant's is intimidating to wage claimants

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Yoel Lodos v. Empire Towing Corp., et al.*
Case no. 1:22 - cv-1790-PAB-SBP (Dist. Colo.)

P's Amended Motion for Default
Page 12

and should not be deemed acceptable, as a matter of pleading and legal standards, Plaintiff acknowledges that he has not pled specific injury or harm as a result of the threats. Further, filing his case in court allowed Plaintiff the opportunity to seek the court's protection in the event that tensions had further escalated. Better to have potentially prevented further escalation than to have developed a stronger retaliation claim.

### D. INTEREST: C.R.S. § 5-12-102 PREJUDGMENT INTEREST & 28 U.S.C. §1961 POST-JUDGMENT INTEREST.

Colorado statutory law provides for 8% interest, compounded annually, on money that has been "wrongfully withheld." C.R.S. § 5-12-102(1)(a). This provision is designed to "fully recognize [] the gain or benefit realized by the person withholding such money or property from the date of wrongful withholding to the date of payment or to the date judgment is entered." *Id*.; *Shannon v. Colorado School of Mines*, 847 P.2d 210, 213 (Colo. App. 1992) (awarding 8% prejudgment interest to wages owed under state law). A Plaintiff may not recover both liquidated damages and interest, as they are both meant "'to compensate the wronged party for being deprived of the monetary value of his loss from the time of the loss to the payment of the judgment.'" *Greene v. Safeway Stores*, *Inc*., 210 F.3d 1237, 1247 (10th Cir. 2000). However, Plaintiff is also entitled to recover, on his backpay damages only, prejudgment interest on the difference between the (higher) computed wage rates owed pursuant to the CWA and the (lower) federal minimum wage rate.

As indicated above, Plaintiff is seeking FLSA liquidated damages only on his overtime claim. The remaining owed wages (i.e., rest breaks, deduction, and final commissions) have not received any liquidated damages or interest to offset the time value of that money. As such, Plaintiff requests prejudgment interest at a rate of 8% per annum, compounded annually, to the date of the Order on this motion. Plaintiff also seeks post-judgment interest pursuant to 28 U.S.C. §1961.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Yoel Lodos v. Empire Towing Corp., et al.*
Case no. 1:22 - cv-1790-PAB-SBP (Dist. Colo.)

P's Amended Motion for Default
Page 13

### E. Attorneys' Fees and Costs

Should the Court grant the Plaintiff's motion for default, pursuant to the FLSA (29 U.S.C. § 216(b)) and the CWA (C.R.S. § 8-4-110) Plaintiff is entitled to his attorneys' fees and costs from the Defendants and to post-judgment interest. 28 U.S.C. §1961. Plaintiff requests that, upon a successful motion for default judgment, the Court permit Plaintiff's counsel to move separately for attorneys' fees and costs. Plaintiff requests that the Court grant liability for fees and costs with the amount to be determined pending that forthcoming separate motion.

## VII. DAMAGE CALCULATIONS
### A. Unpaid Wages ($27,450)

1. ***Final Wages*** Defendants did not pay Plaintiff the $1,250 in commissions he earned for tows completed during his final two and a half weeks of work.

2. ***Improper Deduction*** Defendants withheld $800 of Plaintiff's initial pay as a "deposit" and did not reimburse him [Dkt. 1, ¶52; Ex. A, ¶14]. Thus, Plaintiff is owed $800 for this improper deduction.

3. ***Unpaid Overtime*** Plaintiff is owed overtime compensation for his overtime hours worked. Plaintiff's weekly base pay rate was $800, his regular rate was $20 per hour ($800 / 40 hours), and his overtime rate was $30 ($20 x 1.5). Plaintiff worked approximately 80 hours per week on average, or 40 hours of overtime a week. Plaintiff worked for Defendants for approximately 20 workweeks. 40 hours of overtime per week times $30 per hour comes to $1,200. $1,200 per week times 20 weeks comes to $24,000 total in unpaid overtime pay.

4. ***Rest Periods*** Plaintiff was not able to take rest breaks and generally worked 12 hours per day. Plaintiff was entitled to a 10-minute rest break per four hours of work. Thus, Plaintiff is owed for another 30 minutes' worth of work. $20 per hour times 1/2 hour per day times 140 workdays comes to $1,400 in owed rest break wages.

### B. FLSA Liquidated Damages
Plaintiff's FLSA liquidated damages are equal to the amount of his unpaid overtime, i.e.

$24,000.

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Yoel Lodos v. Empire Towing Corp., et al.*
Case no. 1:22 - cv-1790-PAB-SBP (Dist. Colo.)

P's Amended Motion for Default
Page 14

### C. § 109 Penalties

125% of the first $7,500 (of the $27,450 computed for back wages) is $9,375. 50% of the

remaining $19,950 adds another 9975. The sum of those is $17,475, for the basic § 109 penalties.

A finding of willfulness adds an increase of another 50%, i.e. $8,737.50. The total of these is

$26,212.50.

### VIII.  CONCLUSION

Following is a summary of the damages sought as described above:

a.  Unpaid wages: $27,450;
b.  Liquidated damages under the FLSA: $24,000;
c.  Statutory penalties under the CWA: $17,475 (basic) + $8,737.50 (willful);
d.  Prejudgment interest under Colorado Law (at a rate of 8%, compounded annually, to the date of the Order on this motion, in a dollar amount to be computed by counsel in conjunction with their motion for attorney fees);
e.  Post-judgment interest (at a daily rate as determined by the Clerk of the Court) until Defendants comply with the judgment;
f.  Attorneys' fees and costs under the FLSA and CWA (in an amount to be determined by the Clerk of the Court upon Plaintiff's counsels' further submission); and
g.  Any such other and further relief as the Court deems proper.

WHEREFORE, the Plaintiff requests that default judgment be entered against all Defendants,

jointly and severally, that he be awarded damages as outlined above, and that upon entry of the

default judgment he, as the prevailing party, be granted leave to request his attorneys' fees and

costs through a separate motion.

Respectfully submitted, this **28th**  day of **June, 2024.**

ANDERSONDODSON, P.C.

*s/ Penn Dodson*
**Penn A. Dodson**
*penn@andersondodson.com*
11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639

Attorney for Plaintiff

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com