IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 22-cv-01790-PAB-SBP

YOEL LODOS,

 Plaintiff,

v.

EMPIRE TOWING CORP., and
BERNARD ESMEL ARRITOLA ALONSO, an individual,

 Defendants.
_____

**ORDER**
_____

This matter is before the Court on plaintiff's Motion for Default Judgment [Docket No. 58].

**I. BACKGROUND**

 **A. Procedural History**

Plaintiff Yoel Lodos filed this lawsuit on July 19, 2022. Docket No. 1. Mr. Lodos asserts four claims: (1) violations of the overtime and recordkeeping provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*; and (2) violations of the Colorado Wage Act, Colo. Rev. Stat. § 8-4-101, *et seq.*[1]  *Id.* at 5–9.

---

[1] The amended complaint asserts FLSA and Colorado Wage Act retaliation claims. Docket No. 1 at 9–11. However, Mr. Lodos notes that he "does not seek damages related to his retaliation claims, effectively withdrawing them without prejudice." Docket No. 58 at 12.

On September 1, 2022, Mr. Lodos filed an affidavit of service for defendant Empire Towing Corporation ("Empire Towing").  Docket No. 7.  On October 19, 2022, the Clerk of the Court entered default against Empire Towing.  Docket No. 14.

On November 18, 2022, Mr. Lodos filed a motion for substitute service, requesting permission to serve defendant Bernard Esmel Arritola Alonso ("Mr. Arritola Alonso") pursuant to Colo. R. Civ. P. 4(f).  Docket No. 17 at 3-5.  Mr. Lodos stated that his process servers attempted to effectuate personal service on Mr. Arritola Alonso eleven times at three different locations, but all attempts were unsuccessful.  *Id*. at 2; *see also* Docket No. 17-1 at 2, ¶¶ 7-16.  Mr. Lodos requested permission to serve Mr. Arritola Alonso by (1) emailing a copy of the complaint to Mr. Arritola Alonso's last known email addresses: bernard-25@live.com, rockypup69@yahoo.com, and empiretowingcorp@gmail.com; (2) mailing a copy of the complaint to Mr. Arritola Alonso at the following addresses: 1287 South 8 Ave Unit K-385, Brighton, CO 80601; 17410 E 120th Ave, Commerce City, CO 80022; and 19223 NW 53rd Circle Pl, Miami Gardens, FL 33055-613; and (3) via publication in a local newspaper.  Docket No. 17 at 5.  On January 26, 2023, the magistrate judge granted Mr. Lodos's motion for substitute service.  Docket No. 25; *see also* Docket No. 35 (order approving the language to be published in the Brighton Standard Blade newspaper for a minimum of three consecutive weeks).

On February 7, 2023, counsel of Mr. Lodos filed a Certificate of Alternate Service that stated he (1) emailed the complaint to bernard-25@live.com, rockypup69@yahoo.com, and empiretowingcorp@gmail.com; and (2) mailed the complaint to 1287 South 8 Ave Unit K-385, Brighton, CO 80601; 17410 E 120th Ave,

Commerce City, CO 80022; and 19223 NW 53rd Circle Pl, Miami Gardens, FL 33055-613.  Docket No. 26 at 1.  On March 13, 2023, Mr. Lodos filed an affidavit of publication signed by Linda Shapley, the publisher of the Brighton Standard Blade, certifying that the newspaper published a notice to Mr. Arritola Alonso that this suit has been filed against him and that he must respond to the complaint by March 30, 2023 for three successive weeks, beginning on February 23, 2023 and ending on March 9, 2023.  Docket No. 38.  On June 15, 2023, the Clerk of the Court entered default against Mr. Arritola Alonso.  Docket No. 42.

On July 13, 2023, Mr. Lodos filed a motion for default judgment against Empire Towing and Mr. Arritola Alonso.  Docket No. 45.  On January 9, 2024, the Court denied Mr. Lodos's motion for default judgment against both defendants.  Docket No. 46.  The Court found that Mr. Lodos did not properly serve Empire Towing because an employee of Empire Towing was served, rather than an authorized individual under Fed. Riv. Civ. P. 4(h)(1)(B) or Colo. R. Civ. P. 4(e)(4).  *Id*. at 9–12.  As to Mr. Arritola Alonso, the Court found that Mr. Lodos did not proceed properly under Colo. R. Civ. P. 4(f) to obtain substitute service of process because he did not identify a substituted person who could receive service of process on behalf of Mr. Arritola Alonso.  *Id*. at 14–15.  The Court denied Mr. Lodos's motion without prejudice and instructed Mr. Lodos to serve Empire Towing and Mr. Arritola Alonso pursuant to Fed. R. Civ. P. 4.  *Id*. at 12, 15–16.

On February 12, 2024, Mr. Lodos filed an affidavit of service for Mr. Arritola Alonso, asserting that Marlene Infante, co-resident and cousin of Mr. Arritola Alonso, received service of process at Mr. Arritola's Alonso's usual abode at 10145 NW 9th Street Circle, Apt 204, Miami, Florida 33172.  Docket No. 49.  On February 14, 2024,

Mr. Lodos certified that he mailed the complaint and summons to Empire Towing at its principal mailing address via Certified Mail, return receipt requested.  Docket No. 50.  On February 27, 2024, the Clerk of Court entered default against Empire Towing.  Docket No. 52.  On March 14, 2024, the Clerk of Court entered default against Mr. Arritola Alonso.  Docket No. 56.  On June 28, 2024, Mr. Lodos filed his second motion for default judgment against Mr. Arritola Alonso and Empire Towing.  Docket No. 58.

### B. Factual Allegations[2]

Mr. Lodos worked as a tow truck driver and dispatcher for Empire Towing from August 1, 2021 to December 20, 2021.  Docket No. 1 at 4, ¶ 18.  Mr. Arritola Alonso is the owner and registered agent of Empire Towing.  *Id*. at 2-3, ¶¶ 7, 14.  As the owner of the company, Mr. Arritola Alonso had the ability to hire and fire employees, set rates of pay, and set employees' schedules.  *Id*. at 3-4, ¶ 15.  Mr. Arritola Alonso supervised Mr. Lodos's daily activities.  *Id*.

Mr. Lodos submits the declaration of his counsel in which he states that the Colorado Secretary of State lists Mr. Arritola Alonso as the registered agent for Empire Towing with an address of 1287 S. 8th Ave Unit K-85, Brighton, CO 80601.  Docket No. 17-1 at 2, ¶ 7.  However, Mr. Lodos submits an affidavit of nonservice from process server Cindy Parrino in which Ms. Parrino notes that she was informed by the occupant of 1287 S. 8th Ave that Mr. Arritola Alonso no longer resides there.  Docket No. 13.  In his declaration, Mr. Lodos's counsel states that Empire Towing parks its tow trucks at a

---

[2] Because of the Clerk of Court's entry of default against both defendants, *see* Docket Nos. 52, 56, the well-pleaded allegations in plaintiff's complaint, Docket No. 1, are deemed admitted.  *See Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).

4

plot of land with the address 17410 E. 120th Ave, Commerce City, CO 80022. Docket No. 17-1 at 2, ¶ 11. Mr. Lodos's counsel further states that the Colorado Secretary of State lists Empire Towing's principal mailing street office as 19223 N.W. 53rd Circle Pl., Miami Gardens, FL 33055-613. *Id.*, ¶ 13.

Mr. Lodos's pay structure included a thirty percent commission on the cost of each job he completed. Docket No. 1 at 1, ¶ 1. Empire Towing had no official time-tracking methods to record the hours worked by each employee. *Id*. at 4, ¶ 20. Mr. Lodos was not expected to record his time worked for payroll purposes. *Id*. Mr. Lodos estimates that he typically worked about 80 hours per week because he worked seven days per week from approximately 7:00 a.m. to 7:00 p.m. *Id.*, ¶¶ 21-22. In addition to towing cars, Mr. Lodos also responded to calls on the company's dispatch phone. *Id.*, ¶ 23.

Defendants did not pay Mr. Lodos any overtime when he worked more than 40 hours per week and did not pay Mr. Lodos for responding to dispatch calls. *Id*. at 4-5, ¶¶ 24, 27. Defendants deducted $800 from Mr. Lodos's first paycheck as a "deposit" in case he damaged any equipment; however, defendants did not return the deposit to Mr. Lodos upon his separation from the company. *Id*., ¶ 25. Defendants did not provide Mr. Lodos any meal or rest breaks. *Id*. at 5, ¶¶ 28-29. Defendants did not pay Mr. Lodos his earned commissions for Mr. Lodos's final two and a half weeks of work. *Id*. at 1, ¶ 1. Mr. Lodos, through counsel, issued a demand for payment of his unpaid wages to Mr. Arritola Alonso. *Id*. at 10, ¶ 64.

## II.   LEGAL STANDARD

In order to obtain a judgment by default, a party must follow the two-step process described in Fed. R. Civ. P. 55.  First, the party must seek an entry of default from the Clerk of the Court under Rule 55(a).  Second, after default has been entered by the Clerk, the party must seek judgment under the strictures of Rule 55(b).  See *Williams v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table decision) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "committed to the district court's sound discretion."  *Olcott*, 327 F.3d at 1124 (citation omitted).  In exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits."  *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted).  "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party."  *Id.*  It serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights."  *Id.* at 733.  When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment."  *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

A party may not simply sit out the litigation without consequence.  See *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("a workable system of justice requires that litigants not be free to appear at their pleasure.  We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure.  The threat of

6

judgment by default serves as an incentive to meet this standard."). One such consequence is that, upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted. *See* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2688.1 (4th ed., 2023 rev.). "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Id*. A court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.,* 291 F.3d 1227, 1232 (10th Cir. 2002). Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and citation omitted).

### III.  ANALYSIS

####   A.  <u>Jurisdiction</u>

Before addressing the merits of Mr. Lodos's motion for default judgment, the Court must determine whether it has subject matter jurisdiction over the case and personal jurisdiction over Empire Towing and Mr. Arritola Alonso. *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (holding that

"a district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case").

### 1.  *Subject Matter Jurisdiction*

Mr. Lodos argues that the Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367.  Docket No. 58 at 3-4.  Pursuant to 28 U.S.C. § 1331, the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  "A claim is part of the same case or controversy if it derives from a common nucleus of operative fact."  *Price v. Wolford*, 608 F.3d 698, 702-03 (10th Cir. 2010) (quotation and alteration marks omitted).  "[T]he Supreme Court repeatedly has determined that supplemental jurisdiction is not a matter of the litigants' right, but of judicial discretion," and "district courts may decline to exercise supplemental jurisdiction."  *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004).

The Court has subject matter jurisdiction over Mr. Lodos's FLSA claim pursuant to 28 U.S.C. § 1331 because it arises under federal law.  Furthermore, the Court finds that it has supplemental jurisdiction over the Colorado Wage Act claim pursuant to 28 U.S.C. § 1367(a).  The Colorado Wage Act claim arises from the same nucleus of operative facts as the FLSA claim because both claims involve defendants' failure to pay overtime wages to Mr. Lodos.  *See* Docket No. 1 at 5, 7, ¶¶ 32, 43-48.  Because the Colorado Wage Act claim shares a "common nucleus of operative fact" with the FLSA

claim, *see Wolford*, 608 F.3d at 702-03, the Court will exercise supplemental jurisdiction over this claim in its discretion. Accordingly, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367(a).

### 2. Personal Jurisdiction

The plaintiff bears the burden of establishing personal jurisdiction. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). The plaintiff can satisfy his burden by making a *prima facie* showing. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). The Court will accept the well-pled allegations of the complaint as true in determining whether plaintiff has made a *prima facie* showing that personal jurisdiction exists. *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008). If the presence or absence of personal jurisdiction can be established by reference to the complaint, the Court need not look further. *Id.* The plaintiff, however, may also make this *prima facie* showing by putting forth evidence that, if proven to be true, would support jurisdiction over the defendant. *Id.*

"In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)). The Colorado long-arm statute, Colo. Rev. Stat. § 13-1-124, has been construed to extend jurisdiction to the full extent permitted by the Constitution, so the jurisdictional analysis here reduces to a single inquiry of whether jurisdiction offends due process. *See Dudnikov*, 514 F.3d at 1070; *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005). Personal jurisdiction comports with

due process where a defendant has minimum contacts with the forum state and where those contacts are such that assuming jurisdiction does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts may be established under the doctrines of general jurisdiction or specific jurisdiction. *Howarth v. TCER, LLC*, 20-cv-03230-PAB-KMT, 2021 WL 4775270, at *2 (D. Colo. Oct. 13, 2021).

Furthermore, proper service is a jurisdictional prerequisite to litigation. *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998) ("Effectuation of service is a precondition to suit."). Without proper service, the Court lacks personal jurisdiction over a defendant. *Okla. Radio Assocs. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 943 (10th Cir. 1992).

### a) Empire Towing

The Court will first consider whether Mr. Lodos properly served Empire Towing. Federal Rule of Civil Procedure 4(h) governs the service of corporations. Rule 4(h)(1)(B) provides that a plaintiff may serve process on a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B); *see also Howarth*, 2021 WL 4775270, at *3. In the alternative, a plaintiff may serve a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) allows service to be made "following state law" for either the state where the district court is located or where service is made. Fed. Civ. P. 4(e)(1). "The purpose of Rule 4(h) is to ensure that when a litigant serves process on a corporation, the process is delivered to a person of sufficient rank and control in the corporation such that the court can be reasonably

assured that those corporate officials responsible for responding to the suit will actually be apprised of its pendency." *Howarth*, 2021 WL 4775270, at *3 (quoting *Inversora Murten SA v. Energoprojekt Holding Co.*, No. 06-cv-02312-MSK, 2009 WL 179463, at *4 (D. Colo. Jan. 22, 2009)).

Under Colorado law, a plaintiff can effectuate service on a corporation by delivering service of process to:

> the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of [Colorado] or of any other jurisdiction, or that agent's secretary or assistant, or one of the following:
>
> > (A) An officer of any form of entity having officers, or that officer's secretary or assistant;
> >
> > (B) A general partner of any form of partnership, or that general partner's secretary or assistant;
> >
> > (C) A manager of a limited liability company or limited partnership association in which management is vested in managers rather than members, or that manager's secretary or assistant;
> >
> > (D) A member of a limited liability company or limited partnership association in which management is vested in the members or in which management is vested in managers and there are no managers, or that member's secretary or assistant;
> >
> > (E) A trustee of a trust, or that trustee's secretary or assistant;
> >
> > (F) The functional equivalent of any person described in paragraphs (A) through (E) of this subsection (4), regardless of such person's title. . .
> >
> > (G) If no person listed in subsection (4) of this rule can be found in this state, upon any person serving as a shareholder, member, partner, or other person having an ownership or similar interest in, or any director, agent, or principal employee of such entity, who can be found in this state, or service as otherwise provided by law.

Colo. R. Civ. P. 4(e)(4). Under Colorado law, service can also be effectuated on an entity by mail under Colo. Rev. Stat. § 7-90-704(2), which states in relevant part:

11

> if the registered agent is not located under its registered agent name at its registered agent address, or if the registered agent cannot with reasonable diligence be served, the entity may be served by registered mail or by certified mail, return receipt requested, addressed to the entity at its principal address.

Colo. Rev. Stat. § 7-90-704(2). Service under Colo. Rev. Stat. § 7-90-704(2) is perfected at the earliest of: (a) the date the entity receives the process, notice, or demand; (b) the date shown on the return receipt, if signed on behalf of the entity; or c) five days after mailing. *Id*., § 7-90-704(2).

Mr. Lodos argues that service was perfected under Colo. Rev. Stat. § 7-90-704(2) on Empire Towing on January 18, 2024. Docket No. 50. Mr. Lodos states that the complaint and summons "were sent to Empire Towing Corp's principal office mailing address" via certified mail and with return receipt requested to 19223 NW 53rd Circle Pl Miami Gardens, FL 33055 pursuant to Colo. Rev. Stat. § 7-90-704(2). Docket No. 58 at 6–7; Docket No. 58-1 at 3, ¶ 12 (citing Docket Nos. 50–51). Empire Towing's "principal office mailing address" is listed as 19223 NW 53rd Circle Pl with the Colorado Secretary of State's Office, Docket No. 50-1, and service of process was addressed to Empire Towing. Docket No. 50-2 at 1. Further, Mr. Lodos mailed the complaint and summons via certified mail with return receipt requested. Docket No. 50 at 1.

The Court finds that Empire Towing's registered agent, Mr. Arritola Alonso, cannot be served with reasonable diligence and was properly served under Colo. Rev. Stat. § 7-90-704(2). Mr. Lodos made eleven attempts to serve Mr. Arritola Alonso, including at the registered agent's address, with no success. Docket No. 58 at 6 (citing Docket No. 17); *see Vulfova v. Brand Brain Media, LLC*, No. 22-cv-01477-CNS, 2023 WL 7089909, at *4 (D. Colo. Oct. 26, 2023) (finding that the registered agent could not be served with reasonable diligence because plaintiff attempted to serve the defendant

12

at the registered agent's address "four times between August 25 and August 31, 2022" and "the resident did not respond to knocks"). Process server Cindy Parrino was informed by a resident at the registered agent's address that Mr. Arritola Alonso no longer resided there, and the resident provided Mrs. Parrino with a phone number for Mr. Arritola Alonso. Docket No. 13. However, Mr. Lodos stated that the phone number Ms. Parrino received did "not in fact appear to be associated with Defendant Arritola." Docket No. 17 at 2. Mr. Lodos also attempted to serve Mr. Arritola Alonso, as the registered agent, at the "plot of land where defendants store their two trucks" and at Empire Towing's "Principal Mailing Street Office," where "Defendant Arritola Alonso has lived . . . for many years" and where other businesses that list Mr. Arritola Alonso as the registered agent have their principal mailing address. *Id*. Moreover, the Court finds that Mr. Arritola Alonso, as the registered agent, is not located at the registered agent's address listed in Empire Towing's Colorado Secretary of State filings. Docket No. 50-1.

Service was perfected on January 23, 2024, five days after service was mailed. Docket No. 50 at 2; *see* Colo. Rev. Stat. § 7-90-704(2)(c). Accordingly, the Court finds that service on Empire Towing has been perfected under Colo. Rev. Stat. § 7-90-704(2).

The Court will next consider whether it can exercise general jurisdiction over Empire Towing. For corporations, "the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). Here, Mr. Lodos alleges that Empire Towing's principal place of business is 1287 South 8 Ave, Unit K-385, Brighton, Colorado 80601. Docket

13

No. 1 at 2, ¶ 7.  Therefore, the Court has general jurisdiction in this case and can exercise personal jurisdiction over Empire Towing.

### b) Mr. Arritola Alonso

Next, the Court will evaluate whether Mr. Lodos properly served Mr. Arritola Alonso.  The Federal Rules of Civil Procedure provide that an individual may be served by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e)(2).  Alternatively, an individual may be served "following state law" for either the state where the district court is located or where service is made.  Fed. R. Civ. P. 4(e)(1).

Here, Mr. Lodos states that process server Henry Pinto served the complaint and summons "upon Defendant's co-resident an adult individual, Marlene Infante, at the residence and usual place of abode of Defendant Bernard Esmel Arritola Alonso at 10145 Northwest 9th Street Circle APT 204, Miami, FL 33172."  Docket No. 58 at 7 (citing Docket No. 49).  Therefore, Mr. Lodos claims that he perfected service under Rule 4(e)(2)(B).  "[C]ourts generally require some indicia of permanence or frequency of presence at the home" to find that a location constitutes a usual place of abode or the individual's dwelling. *Indep. Bank v. Wolf*, No. 17-cv-01730-CMA-STV, 2017 WL 9604620, at *1 (D. Colo. Dec. 20, 2017) (citations omitted).  Whether a place of abode is "usual" is significant and "must be given consideration in determining the validity of such service" under Rule 4(e)(2)(B).  *First Nat. Bank & Tr. Co. of Tulsa v. Ingerton*, 207 F.2d 793, 794 (10th Cir. 1953).  Mr. Lodos's complaint does not allege that Mr. Arritola

14

Alonso's usual place of abode or dwelling is at 10145 NW 9th Street or provide "some indicia of permanence or frequency" of Mr. Arritola Alonso's presence at this address. The affidavit of service for Mr. Arritola Alonso merely contains the conclusory statement that Ms. Infante is a co-resident of Mr. Arritola Alonso. Docket No. 49 at 1. As a result, Mr. Lodos has failed to carry his burden of showing that the Court can exercise personal jurisdiction over Mr. Arritola Alonso.

Because service on Mr. Arritola Alonso is "insufficient but curable," Mr. Lodos will be allowed an opportunity to properly serve Mr. Arritola Alonso with process. *See AMG Nat'l Corp. v. Wright*, No. 20-cv-02857-PAB-KLM, 2021 WL 4170459, at *4 (D. Colo. Sept. 14, 2021) (denying motion for default judgment based on improper service and providing time for plaintiff to attempt proper service). Therefore, within 60 days of the entry of this order, Mr. Lodos may attempt to serve Mr. Arritola Alonso pursuant to Fed. R. Civ. P. 4.

### B.  Joint and Several Liability

"The FLSA and CWA recognize the possibility that an employee may have more than one employer, and in such instances the employers may be held jointly and severally liable." *Kimes v. Alshawy*, No. 23-cv-00082-RMR-MDB, 2024 WL 2864147, at *3 (D. Colo. May 20, 2024). It has been noted that "when one of several defendants who is alleged to be *jointly* liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." *Hunt v. Inter–Globe Energy, Inc.,* 770 F.2d 145, 147 (10th Cir. 1985) (quoting 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2690, at 455–56 (1983) (citing *Frow v. DeLaVega,* 82 U.S. 552, 554 (1872))) (emphasis added).

15

The Tenth Circuit summarized this position by stating that, "when multiple defendants are alleged to be jointly liable and fewer than all defendants default, the district court may not render a liability determination as to the defaulting parties unless and until the remaining defendants are found liable on the merits."  *Id*. (citing *Frow,* 82 U.S. at 554).  The rationale underlying this rule is the avoidance of the problem of inconsistent liability determinations among joint defendants.  *See id.*  Particularly relevant to the present case, *Hunt* extended the rule of consistency expressed in *Frow* to joint and several liability.  *See id*. at 148 ("just as consistent verdict determinations are essential among joint tortfeasors, consistent damage awards on the same claim are essential among joint and several tortfeasors").

If Empire Towing and Mr. Arritola Alonso qualify as "employers" under the FLSA and the Colorado Wage Act, they can be held jointly and severally liable for damages.  *Kimes*, 2024 WL 2864147, at *3.  Mr. Lodos alleges that Empire Towing and Mr. Arritola Alonso were both his employers under the FLSA and the Colorado Wage Act, and thus subject to joint and several liability.  Docket No. 1 at 3, 4 ¶¶ 11, 16; Docket No. 58 at 8.  Although the Clerk of Court entered default against Empire Towing and Mr. Arritola Alonso, as discussed previously, Mr. Arritola Alonso has not been properly served.  The Court lacks personal jurisdiction over Mr. Arritola Alonso and, as such, he is not a defaulted party.  *See Petersen v. Carbon Cnty*., 156 F.3d 1244, 1998 WL 458555, at *4 (10th Cir. Aug. 6, 1998) (unpublished table decision) ("As defendants have no duty to plead until properly served, entry of default prior to service is improper.") (citing Fed. R. Civ. P. 55(a)).  Any default judgment at this point could result in inconsistent judgments against otherwise jointly liable defendants if Mr. Arritola Alonso is properly served,

makes an appearance, contests the claims against him, and obtains a different result than the default judgment against Empire Towing. *See, e.g.*, *Johnson v. Bozorghadad*, 2020 WL 963377, at *5 (N.D. Cal. Feb. 28, 2020) (denying a motion for default judgment against all alleged, jointly liable defendants where one of the defendants had not been properly served).

Accordingly, the Court will deny Mr. Lodos's motion for default judgment against Empire Towing and Mr. Arritola Alonso.

## IV. CONCLUSION

It is therefore

**ORDERED** that plaintiff's Amended Motion for Default Judgment [Docket No. 58] is **DENIED without prejudice**. It is further

**ORDERED** that, within **60 days** of the entry of this order, plaintiff may serve Mr. Arritola Alonso pursuant to Fed. R. Civ. P. 4. It is further

**ORDERED** that the Clerk of Court's Entry of Default as to defendant Bernard Esmel Arritola Alonso [Docket No. 56] shall be **VACATED**.

DATED February 20, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge